ROBERT J. ROSATI, SBN 112006
robert@erisalg.com
RAQUEL M. BUSANI, SBN 323162
raquel@erisalg.com
6485 N. Palm Avenue, Suite 105
Fresno, California 93704
Telephone: 559-478-4119
Telefax: 559-478-5939

Attorneys for Plaintiff,
DANIEL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DANIEL MARTIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; AVIATION CONSULTANTS, INC.,<br><br>　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT** |

Plaintiff, Daniel Martin (sometimes "Plaintiff") alleges as follows:

## JURISDICTION

1.　　Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3).  Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America.  29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

///

///

///

**COMPLAINT**
-1-

## VENUE

2. Venue is proper in the Central District of California because Plaintiff was and is a resident of the City of Huntington Beach, in the County of Orange, California, when Defendant Anthem Blue Cross Life and Health Insurance Company ("Anthem") denied his claim for a life insurance benefit which he claimed due to the death of his brother, Stephen Martin, who designated Daniel Martin as his beneficiary of his employer-provided, ERISA-governed life insurance benefits, and which denied Daniel Martin's appeal of that decision. Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this Court. Intradistrict venue is proper in this Court's Southern Division.

## PARTIES

3. Plaintiff is, and at all times relevant hereto was, a beneficiary, as that term is defined by 29 U.S.C. section 1002(8), of the Aviation Consultants, Inc. Life and Accident Death and Dismemberment Insurance Plan ("The Plan") and thereby entitled to receive benefits therefrom. Stephen Martin was an employee of Aviation Consultants, Inc. ("ACI") and a participant in The Plan. Plaintiff is a beneficiary because he was designated by Stephen Martin, as Stephen Martin's beneficiary in the event of Stephen Martin's death to receive the life insurance benefit payable under such circumstances and at issue in this action.

4. The Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001, et seq.

5. Defendant Anthem is a corporation organized and operating under the laws of the State of California with its principal place of business in Woodland Hills, Los Angeles County, California. Anthem is licensed to and is transacting insurance in the State of California. Anthem issued Group Policy No. 276407 ("The Policy") to Aviation Consultants, Inc. and is the insurer and decision maker for The Plan, acted in a fiduciary capacity when it denied Plaintiff's benefits and denied his appeal, and when it otherwise administered The Plan, and is legally liable for providing the benefit sought.

6. Defendant Aviation Consultants, Inc. ("ACI") was decedent Stephen Martin's employer and established The Plan. ACI is a corporation organized and operating under the laws

of the state of California with its principal place of business in San Luis Obispo, California.

**OVERVIEW**

7. This action for ERISA-governed life insurance benefits presents three alternative Claims For Relief. The basic facts are that Stephen Martin was an employee of ACI and was enrolled in the ACI group life insurance plan insured by Defendant Anthem. Stephen Martin became ill with what proved to be terminal cancer, stopped working effective December 28, 2021, and never returned to work. ACI retained Stephen Martin as an employee and continued to pay life insurance premiums to Anthem for Stephen Martin's coverage for as long as The Policy remained in effect; that is, through December 31, 2022. Stephen Martin's designated life insurance beneficiary was his brother, plaintiff, Daniel Martin. ACI and Anthem terminated The Policy effective December 31, 2022. Stephen Martin died on January 20, 2023. Daniel Martin made a claim for the life insurance benefits under The Policy. Anthem denied the claim, asserting that for several months before his death Stephen Martin was no longer an eligible employee for benefits under The Policy and therefore was no longer covered for the life insurance benefit at issue in this action at the time of his death, despite the fact that ACI considered Stephen Martin to be an eligible employee and covered by The Policy through and including December 31, 2022.

    A. Danial Martin's first claim for relief alleges that Stephen Martin was a covered employee under The Policy until its termination, and since he died within 31 days thereafter and there were no disqualifying circumstances, Anthem is obligated to pay the benefits to Daniel Martin under The Policy. This claim, in turn, is premised upon three possible alternative fact scenarios. First, while The Policy provides that coverage generally ends when an employee no longer meets the "eligible status" requirement set forth in The Policy, The Policy also provides exceptions to the "eligible status" requirements for an insured employee for whom premiums are paid for coverage to continue, as follows: for up to three months during a temporary leave of absence; or for up to six months due to a temporary leave of absence due to illness or injury; or during a leave of absence in compliance with FMLA; and The Policy also provides that those time periods "may be extended if required by law." Since ACI expected Stephen Martin would

return to work, Daniel Martin is informed and believes it granted Stephen Martin an unpaid leave of absence when his paid leaves were exhausted as an accommodation due to his disability and medical condition, as required by law, and kept Stephen Martin's benefits in place, also as required by law, so that when Stephen Martin returned to work he would have all the same benefits he had prior to his disability and disabling medical condition, as required by the Americans with Disabilities Act ("ADA") and California's Fair Employment & Housing Act ("FEHA"), and Stephen Martin was therefore covered by The Policy through and including December 31, 2022. Second, Daniel Martin alleges alternatively that ACI had the final authority to determine who was a covered employee under The Plan and The Policy and determined that Stephen Martin was a covered employee through December 31, 2022. Third, if Anthem had the final authority to determine who was a covered employee under The Plan and The Policy, then Anthem delegated that authority to ACI, which determined that Stephen Martin was a covered employee through December 31, 2022, and that that determination is binding on Anthem. Thus, under all three of these possible fact scenarios, Stephen Martin continued to be a covered employee under The Plan and The Policy through and including December 31, 2022.

B.  ACI and Anthem terminated the Policy effective January 1, 2023, and ACI replaced The Policy with a new group life insurance policy issued by a different insurer. Stephen Martin was not and never became an eligible employee covered by that new group life insurance policy because he was never actively employed by ACI while that policy was in effect. Pursuant to The Policy since Stephen Martin was "totally disabled" as defined in The Policy's "Right to Convert" section when the life insurance under The Plan and The Policy ceased because The Policy was terminated and since Stephen Martin did not become eligible for other life insurance, Stephen Martin had the right to convert to an individual policy "just as though [his] status had changed." Furthermore, since Stephen Martin died within those 31 days, pursuant to The Policy Anthem is obligated to pay the death benefits, "regardless of whether [Stephen Martin] applied for an individual

policy" to Stephen Martin's beneficiary, Plaintiff Daniel Martin.

      C.     Daniel Martin's alternative second claim for relief is that if in fact Stephen Martin's coverage under The Policy did end at any time prior to December 31, 2022, then Anthem is nonetheless obligated to provide a make whole remedy to Daniel Martin equal to the $100,000.00, policy benefit plus interest because if Stephen Martin was no longer a covered employee under The Policy through December 31, 2022, then Anthem breached its fiduciary duties causing damage of the loss of the life insurance benefits to Daniel Martin, by failing to maintain an effective system to determine who was an eligible employee and who was covered for the life insurance benefit under The Policy, and therefore by improperly collecting and retaining premium payments for Stephen Martin's life insurance coverage.  If Anthem had the fiduciary duty and authority to decide who was an eligible employee and who was covered under The Policy for the life insurance benefit, then its system of doing so breached its duties of care, skill, prudence and loyalty in its administration of that duty – and that breach caused Daniel Martin's damages. Anthem's breach of fiduciary duty is obvious because Anthem asserts Stephen Martin was <u>not</u> an eligible and covered employee covered for the same period of time that ACI concluded that Stephen Martin <u>was</u> an eligible and covered employee, under The Policy. Second, if in fact Stephen Martin was no longer an "eligible employee" and was no longer covered for the life insurance benefit under The Policy at any time prior to December 31, 2022, then Anthem breached its fiduciary duties to Stephen Martin by failing to notify him, or by failing to require ACI to notify him, of his conversion rights under The Policy, as it had a fiduciary duty to do under the terms of The Policy.

      D.     Daniel Martin's alternative third claim for relief is that if in fact Stephen Martin was no longer an "eligible employee" and was no longer covered for the life insurance benefit under The Policy,  and if, in fact, Anthem did not breach any fiduciary duties causing damage to Daniel Martin, then ACI breached its fiduciary duties to Stephen Martin and David Martin by not notifying Stephen Martin of his change in status when that change in status occurred so that he could convert his rights in the group policy into

an individual policy.  Second, if Anthem did not have a fiduciary duty to notify Stephen Martin of his conversion rights under The Policy, then ACI did and ACI's failure to do so breached its fiduciary duties to Stephen Martin thus causing Daniel Martin's damages.

## COMMON FACTS

8. Plaintiff does not have a copy of The Policy and does not have all the governing documents of The Plan.  Plaintiff only has a copy of the Certificate, plus the "Claims Disclosure Notice" required by ERISA. Plaintiff is informed and believes, because both Anthem and ACI are located in California, that The Policy was delivered in California, and that it provides that it is the entire contract between the parties.

9. Beginning March 1, 2021, Stephen Martin was an employee of ACI and was insured under The Policy for a life insurance benefit in the amount of $100,000.00, in the event of his death and designated Daneil Martin as his beneficiary of that life insurance benefit.

10. On December 30, 2021, ACI wrote Stephen Martin, addressed to Phillip Martin (he used his middle name at ACI) concerning a leave of absence application and instructions.

    A. Stephen Martin submitted a request for leave of absence with an application date filled in as 12/30/21, but a signed date of 1/11/22, requesting a medical leave of absence for himself with an expected date that leave was to begin as of December 28, 2021, with the leave to be continuous.  His doctor, Dr. David A. Sanchez, signed the form on January 14, 2022.

    B. ACI provided an undated "Certification of Physician or Practitioner from Employee Return to Work".  On that certification, there was a post-it sticker with the language "Pending treatment start date Stephen will continue to stay on LOA [Leave of Absence] until the first treatment to gauge his well-being/health.  Once first treatment is completed, he will let his doctor know if he feels better to return to work so his doctor can complete the forms.  "NN 9/17/22."

11. Stephen Martin never returned to work at ACI after December 27, 2021.

12. Under The Policy Stephen Martin was not entitled to a Waiver of Life Insurance Premium during period of his total disability under The Policy because he became disabled after

his 60th birthday.

13. Although The Policy provides that coverage generally ends when an employee no longer meets the "eligible status" requirement set forth in The Policy, The Policy also provides exceptions to the "eligible status" requirements for an insured employee for whom premiums are paid for coverage to continue, as follows: for up to three months during a temporary leave of absence; or for up to six months due to a temporary leave of absence due to illness or injury; or during a leave of absence in compliance with FMLA; and The Policy also provides that these time periods "may be extended if required by law."

14. Plaintiff is informed and believes, based on an email dated April 4, 2023, from ACI's Chris Perreira, that ACI considered Stephen Martin to be an active employee until he died. That email states in relevant part:

> "We did pay Steve's premiums up to December on the Anthem Life Plan and were working with him so he could maintain all medical coverage during his absence, in the hopes that he would return. In our system, he was always considered an active employee."

15. Thus, ACI determined that Stephen Martin was an eligible employee entitled to coverage under The Policy through and including December 31, 2022,

16. ACI paid premiums for Stephen Martin's life insurance benefit under The Policy through and including December 31, 2022.

17. ACI and Anthem cancelled The Policy effective the end of December 31, 2022.

18. Plaintiff is informed and believes that ACI obtained a new group life insurance policy for the benefit of its eligible employees, effective January 1, 2023.

19. Stephen Martin was never an eligible employee to participate in or covered by the new group life insurance policy ACI obtained effective January 1, 2023, because he was not an active employee of ACI at any time from January 1, 2023, until he died.

20. Stephen Martin died on January 20, 2023.

21. California Insurance Code § 10209 is a state law which regulates insurance and therefore is saved from ERISA pre-emption. Section 10209, by operation of law, is part of The Policy. Pursuant to § 10209(a)(2), The Policy shall contain a "provision that if the employment

terminates for any reason whatsoever and the employee applies to the insurer within 31 days after the termination, paying the premium applicable to the class of risk to which he or she belongs and to the form and amount of the policy at his or her then attained age, he or she is entitled, without producing evidence of insurability, to the issue by the insurer of any individual life policy in any one of the forms, other than term insurance, customarily issued by the insurer." Additionally, § 10209(a)(4) and The Policy provide that if the employee dies during the 31 day period within which he/she is entitled to have an individual policy issued to him or her, and before the individual policy shall become effective, the amount of life insurance that the employee is entitled to have issued to him/her under the individual policy shall be payable as a claim under the group policy, whether or not the application for the individual policy or the payment of the first premium therefore, has been made.

22.     Since Stephen Martin was a covered employee under The Policy until it terminated, and was disabled when it terminated, and was not eligible to participate in the new group life insurance policy. ACI obtained for its eligible employees effective January 1, 2023, he continued to be a covered employee under The Policy.

23.     Daniel Martin timely submitted his claim to Anthem for the life insurance benefit due as a result of the death Stephen Martin to Anthem.

24.     ACI completed the Group Policyholder's Statement for Daniel Martin's claim, stating that the basic life policy was $100,000; Stephen Martin was originally insured with Anthem Life as of March 1, 2021; his last day of work was December 27, 2021; he was considered an employee at the time of his death; his reason for ceasing work was illness (including disability leave of absence).

25.     Anthem denied Daniel Martin's claim for life insurance benefits as the beneficiary of Stephen Martin's group life insurance under The Policy by letter dated March 30, 2023. Therein, it asserted that Stephen Martin was no longer part of a covered class because premiums can only be continued up to six months and therefore denied the claim for group life insurance benefits. The letter invited Daniel Martin to submit an appeal.

26.     Daniel Martin, through counsel, submitted a timely appeal of the denial of his

claim for Stephen Martin's life insurance benefits. The appeal consisted of his attorney's May 25, 2023, letter, with enclosures and attachments, and was supplemented by his attorney's June 5, 2023, letter.

27. By letter dated October 16, 2023, Anthem denied Daniel Martin's appeal, concluding that "Stephen Martin had no Basic Life coverage at the time of his death due to he was not actively at work, his coverage ended six months after the date of his initial disability, and he did not convert his Basic Life insurance coverage under Waiver of Premium. Therefore, no beneficiary benefits are payable to … Daniel Martin."

28. Plaintiff has exhausted all internal remedies required by the terms of The Policy and by the terms of ERISA.

29. Review of this claim is *de novo* because the Policy does not reserve discretion and discretionary clauses are banned in California, by California Insurance Code §11010.6.

30. Plaintiff performed all conditions precedent required to be performed by him under the terms of The Policy.

## FIRST CLAIM FOR RELIEF

### (For Policy Benefits Pursuant to 29 U.S.C. 1132(a)(1) Against Anthem, Only)

31. Plaintiff Daniel Martin incorporates by reference Paragraphs 1 through 5, and 8 through 30, inclusive, of this Complaint.

32. Since Stephen Martin was covered for the life insurance benefit under The Policy until December 31, 2022, both the terms of The Policy and California Insurance Code § 10209 require payment by Anthem to Daniel Martin of the benefit at issue, as alleged herein.

33. Anthem's denial of Plaintiff's claim for the life insurance benefit was arbitrary and capricious, an abuse of discretion, not supported by substantial evidence, and a violation of the terms of The Policy.

34. First, Plaintiff is informed and believes, and thereon alleges since ACI anticipated Stephen Martin would return to work, ACI granted Stephen Martin an unpaid leave of absence when his paid leaves of absences were exhausted as an accommodation due to his disability and medical condition, as required by law, and kept Stephen Martin's life insurance benefits in place,

also as required by law, and kept Stephen Martin's life insurance benefits in place, under The Policy at any time prior to December 31, 2022, then Anthem also had a fiduciary duty him written notice of his right to convert his rights in the group policy to an individual policy or have ACI do so, as required by Insurance Code §10209. Buth neither Anthem and/or ACI so informed Stephen Martin of his conversion rights to an individual policy.

35. Alternatively, Plaintiff also is informed and believes and thereon alleges that ACI had the final authority to determine who was a covered employee under The Policy and The Plan and determined that Stephen Martin was a covered employee through December 31, 2022.

36. Alternatively, Plaintiff is also informed and believes and thereon alleges that if Anthem had the final authority to determine who was a covered employee under The Policy and The Plan, it delegated that authority to ACI, which determined that Stephen Martin was a covered employee through December 31, 2022; and thus Stephen Martin continued to be a covered employee through and including December 31, 2022.

37. Therefore, Stephen Martin continued to be a covered employee under The Policy through December 31, 2022, and since Stephen Martin died within the 31-day period in which he was entitled to have an individual policy issued to him, Anthem is obligated to pay Daniel Martin the benefit due as a result of Stephen Martin's death.

38. An actual controversy has arisen and now exists between Plaintiff and Defendant Anthem with respect to whether Plaintiff is entitled to life insurance benefits under The Policy, due to the death of Stephen Martin.

39. Plaintiff desires a judicial determination of his rights and a declaration as to which party's contention is correct, together with a declaration that Defendant Anthem is obligated to pay the life insurance benefit under The Policy, plus statutory pre-judgment interest, to Plaintiff due to the death of Stephen Martin.

40. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain his respective rights and duties, avoid a multiplicity of actions between the parties and his privities, and promote judicial efficiency.

41. As a proximate result of Defendant Anthem's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which he is entitled under the terms of The Policy. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights.

### SECOND CLAIM FOR RELIEF

### (For Breach of Fiduciary Duties Against Defendant Anthem, Only)

42. Plaintiff Daniel Martin incorporates by reference Paragraphs 1 through 5, 8 through 21, 23 through 27, 30 and 38 through 41, inclusive of this Complaint.

43. If, for any reason, it is determined that Anthem is not liable to Daniel Martin under The Policy as alleged in the First Claim for Relief herein, Anthem is nonetheless liable to Daniel Martin. Anthem is a fiduciary concerning administering The Policy and The Plan. As a fiduciary, Anthem must administer The Policy and The Plan in accordance with ERISA § 404, 29 U.S.C. § 1104(a) and thus solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in accordance with the documents and instruments governing the plan.

44. If, in fact, Stephen Martin, was no longer an "eligible employee" and was no longer covered for the life insurance benefit under The Policy at any time prior to December 31, 2022, then Anthem failed to discharge its duties solely in the interest of and for the exclusive purpose of providing benefits to participants and its beneficiaries, including Stephen Martin and plaintiff Daniel Martin, herein and failed to discharge its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent fiduciary acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

45. ERISA fiduciaries have duties of prudence and loyalty. Therefore, Anthem had a duty of prudence to exercise care and skill as a man of ordinary prudence would.

46. Anthem also had a duty of loyalty to verify that premiums paid to it came only from eligible and covered employees. The duty of loyalty includes the obligation to deal fairly

and honestly with all plan members and includes a duty not to profit at the expense of the beneficiary.

47. By receiving Stephen Martin's premiums without giving him a corresponding benefit of coverage while serving as fiduciary for determining eligibility and coverage, Anthem profited at Stephen Martin's expense because it avoided any financial risk of having to pay benefits if he died. Anthem thereby breached its duty of loyalty.

48. Anthem's ineffective system to verify that premiums came only from eligible, covered employees breached its duty of loyalty. A fiduciary may not escape liability by designing an enrollment system that ensured it would not it was collecting premiums on non-existent benefits.

49. When a plan confers discretion on an insurer to choose when to accept premiums from an employee and when to determine eligibility for coverage, then the insurer has a fiduciary duty to make eligibility and coverage determinations for each employee from whom the insurer accepts premiums reasonably proximate to the acceptance of those premiums.

50. Once a fiduciary has information concerning the participant's circumstances, the fiduciary must disclose complete and accurate information material to the participant's circumstances even when a participant or beneficiary has not specifically asked for the information.

51. Accepting premiums after Stephen Martin's coverage had lapsed was a breach of Anthem's fiduciary duty because it was tantamount to confirming coverage because accepting premium payments led Stephen Martin to believe the coverage was still in effect.

52. Anthem had a fiduciary duty to take reasonable steps to confirm each employee's eligibility for insurance at a time reasonably proximate to its acceptance of premiums for that coverage.

53. Anthem had a fiduciary duty to ensure that ACI paid premiums only for covered employees. A reasonably prudent insurer with the fiduciary authority to determine eligibility and enrollment for coverage should use a system that avoids the employer and the insurer having different lists of eligible and covered participants. If Stephen Martin was no longer a covered

employee at any time prior to December 31, 2022, then Anthem breached its fiduciary duty and improperly permitted ACI to continue to pay premiums for Stephen Martin's life insurance coverage.

54. If, in fact, Stephen Martin was no longer covered for the life insurance benefit under The Policy at any time prior to December 31, 2022, then Anthem also had a fiduciary duty to provide him written notice of his right to convert his rights in the group policy to an individual policy, or have ACI do so, as required by Insurance Code §10209. But neither Anthem and/or ACI so informed Stephen Martin and neither ever gave notice to Stephen Martin of his conversion rights to an individual policy.

55. ACI's failure to provide written notice of conversion violated its duty to administer The Policy in the interests of Stephen Martin and other plan participants and their beneficiaries, including Daniel Martin, as required by The Policy.

56. If in fact, Stephen Martin was no longer a covered employee under The Policy at any time prior to December 31, 2022, and if he had known that pursuant to the terms of The Policy he was no longer an eligible employee and no longer a covered employee at any time prior to December 31, 2022, and if Stephen Martin had known that pursuant to the terms of The Policy and been informed of his conversion rights, he would have converted his rights in The Policy into an individual policy in a timely manner, and thus Daniel Martin would have collected the $100,000.00, life insurance benefit upon Stephen Martin's death.

57. Plaintiff Daniel Martin is therefore entitled to appropriate equitable relief from Anthem in the form of:

    A. An equitable surcharge for unjust enrichment to recover the value of the benefit withheld ($100,000.00) and to make him, as the ERISA beneficiary of Stephen Martin, whole plus interest, or

    B. Reformation of The Policy to the extent needed to equitably address and pay Plaintiff's claim; or

    C. Waiver or equitable/promissory estoppel to prevent Anthem from relying on any technical ineligibility of Stephen Martin for coverage.

## THIRD CLAIM FOR RELIEF

**(For Breach of Fiduciary Duty Pursuant to 29 U.S.C. § 1132(a)(3) against ACI, Only)**

58. Plaintiff incorporates by reference Paragraphs 1 through 4, 6, 8 through 21, 23, and 25 through 27, of this Complaint.

59. If, for any reason, it is determined that Anthem is not liable to Daniel Martin under The Policy as alleged in the First Claim for Relief herein, or for breach of fiduciary duties, as alleged in the Second Claim for Relief herein, then ACI is liable to Daniel Martin. ACI is the plan administrator of The Plan. As such, ACI is a fiduciary and must administer The Plan in accordance with ERISA § 404, 29 U.S.C. § 1104(a) and thus, solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in accordance with the documents and instruments governing The Plan.

60. If in fact Stephen Martin ceased to be a covered employee under The Policy at any time prior to December 31, 2022, and if, in fact, Anthem did not have and did not breach its fiduciary duties to Stephen Martin as alleged in the Second Claim for Relief herein, then ACI had fiduciary duties to:

   A. Notify Stephen Martin of the change in his status concerning The Policy when he ceased to be a covered employee and not implicitly misrepresent to Stephen Martin that he was still a covered employee under The Policy by continuing to pay monthly premiums for Stephen Martin's coverage under The Policy; and

   B. Inform Stephen Martin of his right to convert his rights in The Policy to an individual policy, as required by Insurance Code §10209 and as required to be done under the terms of The Policy.

61. If in fact Stephen Martin ceased to be a covered employee under The Policy at any time prior to December 31, 2022, then ACI breached its fiduciary duties to him and to Daniel Martin by:

   A. Failing to notify Stephen Martin of the change in his status when the change in status occurred and by failing to notify him that he was no longer a covered employee under The Policy; and

    B. Failing to inform Stephen Martin about his conversion rights and failing to inform Stephen Martin regarding the steps necessary to keep his life insurance benefit in place including conversion rights.

  62. If, in fact, Stephen Martin was no longer covered for the life insurance benefit under The Policy at any time prior to December 31, 2022, then ACI should have so informed him and ACI should have provided him written notice of his right to convert his rights in The Policy to an individual policy, as required by Insurance Code §10209. But Anthem did not so inform Stephen Martin and never gave notice to Stephen Martin of his conversion rights to an individual policy.

  63. If, under these circumstances in fact, Stephen Martin, was no longer an "eligible employee" and was no longer covered for the life insurance benefit under The Policy at any time prior to December 31, 2022, then ACI breached said duties by failing to discharge those duties solely in the interest of and for the exclusive purpose of providing benefits to participants and its beneficiaries, including Stephen Martin and plaintiff Daniel Martin, herein. ACI breached said duties by failing to discharge its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent fiduciary acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

  64. ACI's failure to provide said notice of Stephen Martin's change of status and written notice of conversion violated its duty to administer The Plan and The Policy in the interests of Stephen Martin and Daniel Martin and other plan participants and beneficiaries, as required by The Policy.

  65. If in fact Stephen Martin was no longer a covered employee, Stephen Martin knew he was no longer a covered employee when Stephen Martin was no longer "Actively at Work", ACI should have notified Stephen Martin, in writing, of his conversion right. If it had done so, Stephen Martin would have exercised his conversion rights because he knew he had terminal cancer so that Daniel Martin would have recovered as the beneficiary of a converted policy.

  66. Therefore, if Stephen Martin's coverage terminated, ACI should have notified Stephen Martin of that fact, and of when it occurred, and of his right to convert the policy but did

not.

67. Therefore, equity and good conscience require that Defendant ACI be held liable to Plaintiff Daniel Martin for a make whole rectify $100,000.00, plus interest equal to statutory interest which he would have received in life insurance benefits from The Policy had ACI not breached its fiduciary duties to Stephen Martin.

68. Plaintiff Daniel Martin is entitled to appropriate equitable relief in the form of:

 A. An equitable surcharge for unjust enrichment to recover the value of the benefits withheld and to make him, as the ERISA beneficiary of Stephen Martin, whole; or

 B. Reformation of The Policy to the extent needed to equitably address and pay plaintiff's claim; and/or

 C. Waiver or equitable/promissory estoppel preventing ACI from relying on any technical ineligibility of Stephen Martin for benefits.

69. As a proximate result of Defendant ACI's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which he is entitled under the terms of The Policy. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights.

WHEREFORE, Plaintiff pray judgment as follows:

1. On the First Claim for Relief, for a declaratory judgment against Anthem, only, ordering Anthem to pay to Plaintiff the life insurance benefit due under The Policy of $100,000.00, plus statutory interest.

2. Alternatively, on the Second Claim for Relief, for a declaratory judgment against Anthem, only, ordering Anthem to provide equitable relief in the amount of $100,000.00, due to the death of Stephen Martin to Plaintiff.

3. Alternatively, on the Third Claim for Relief for appropriate equitable relief against ACI, only, ordering ACI to provide equitable relief in the amount of $100,000.00.

4. For interest at the statutory rate pursuant to Insurance Code §10172.5 or equal to that amount on unpaid past due benefits or in amount to be proven at the time of trial.

5. For attorney's fees incurred in this action.

6. For costs of suit incurred herein.

7. For such other and further relief as the Court deems just and proper.

Dated: October 15, 2024

                                           */s/ Robert J. Rosati*
                                           ROBERT J. ROSATI,
                                           *Attorney for Plaintiff,*
                                           Daniel Martin